Case: 4:20-cv-01572-DDN   Doc. #:  5   Filed: 02/17/21   Page: 1 of 3 PageID #: 64

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JALIL ALI, o/b/o RAY L. ALEXANDER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BRIAN HERB, )<br>)<br>Defendant. ) | No. 4:20-cv-1572-DDN |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Jalil Ali, an individual who attempts to proceed *pro se* on behalf of one Ray L. Alexander, for leave to bring this civil action without payment of the civil filing fee. For the reasons explained below, the motion will be denied, and this case will be dismissed without prejudice to refiling by an attorney licensed to practice in this United States District Court.

**The Complaint**

Ali initiated this civil action on November 3, 2020 by filing a civil complaint on behalf of one Ray L. Alexander against Brian Herb, d/b/a Experian.[1] While Ali signed the complaint and the motion for leave to proceed without payment of the filing fee, Alexander did not. Furthermore, Alexander did not file his own motion seeking such leave, and he has not otherwise appeared in this matter. Ali does not indicate, nor is it apparent, that he is an attorney licensed to practice in this United States District Court, nor does he specifically aver that Alexander has authorized the filing of this civil action. Ali does not identify his relationship to Alexander, nor does he state

---

[1] This action is the first of three civil actions Ali has initiated on Alexander's behalf in this Court to date. The two later-filed cases are *Ali v. Shelton, et al.*, No. 4:20-cv-1703-NAB (E.D. Mo. Nov. 30, 2020) and *Ali v. Peacock, et al.*, No. 4:21-cv-52-CDP (E.D. Mo. Jan. 12, 2021).

Alexander is incompetent to bring this action on his own behalf. The complaint does not assert Ali's legal rights or interests. Instead, it asserts only Alexander's legal rights and interests. It is therefore clear that Ali's intent is to bring this action on Alexander's behalf.[2]

Briefly, Ali claims Experian "violated Consumer Credit protection rules regarding reinsertion and re-aging of information furnished," and "violated Consumer Credit protection rules of length of reporting." (ECF No. 1 at 1). Attached to the complaint are affidavits filed in support of Ali's claims. These affidavits are signed only by Ali, and they describe injuries allegedly suffered by Alexander. Also attached to the complaint are copies of correspondence between Alexander and Experian, and documents containing Alexander's financial and credit information. Ali does not explain how he obtained these documents. After filing the complaint, Ali filed as an exhibit a copy of Alexander's Experian credit report.

As relief, Ali asks this Court to order Experian "to disburse equitable relief under Title 12; or Statutory damages in the amount of $1000 per day; and actual & punitive damages in the amount of $20,000 for mental stress, and humilation [*sic*] for denial of credit." *Id.*

## Discussion

While federal law provides that "parties may plead and conduct their own cases personally," 28 U.S.C. § 1654, a non-attorney may not represent the interests of another person in

---

[2] Even if Ali could be understood to bring this action on his own behalf, there would be no basis to conclude he has met his burden of demonstrating his standing under Article III of the United States Constitution. To do so, he would be required to demonstrate, *inter alia*, that he suffered an injury in fact. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992), *Young America Corp. v. Affiliated Computer Services (ACS), Inc.*, 424 F.3d 840, 843 (8th Cir. 2005). A plaintiff "cannot rest his claim to relief on the legal rights or interests of third parties," and instead must "assert his own legal rights and interests." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). Here, because Ali's claim to relief rests solely upon Alexander's legal rights or interests, he would be unable to demonstrate standing. "[I]f a plaintiff lacks standing, the district court has no subject matter jurisdiction." *Young America Corp.,* 424 F.3d at 843 (quoting *Faibisch v. Univ. of Minn.,* 304 F.3d 797, 801 (8th Cir. 2002)).

federal court. *See Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986). Ali therefore may not represent Alexander's interests in this action. Even if Ali had alleged Alexander's incompetence and moved for appointment as next friend, he would be required to obtain representation by counsel before such appointment could be granted. Additionally, nothing before the Court indicates that Alexander has authorized the filing of this action. It is therefore apparent this action is not properly before this Court, and it will therefore be dismissed without prejudice to being refiled by an attorney licensed to practice in this United States District Court.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice to being refiled by an attorney licensed to practice in this United States District Court. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Jalil Ali's motion for leave to proceed without payment of the filing fee (ECF No. 2) is **DENIED**.

Dated this 17th day of February, 2021.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE

3